UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE PHOENIX INSURANCE COMPANY,

Plaintiff,

v. **No. 3:26-cv-00112-P**

ENVIRON PARTNERS, LLC, ET AL.,

Defendants.

**SCHEDULING ORDER**

**A. Summary of Critical Dates**

| | |
|---|---|
| Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | August 3, 2026 |
| Initial Expert Designation & Report (¶ 4 a.) | August 21, 2026 |
| Responsive Expert Designation & Report (¶ 4 b.) | September 21, 2026 |
| Rebuttal Expert Designation (¶ 4 c.) | 30 days after the other party's disclosure |
| Expert Objections (¶ 4 d.) | March 15, 2027 |
| Dispositive Motions (¶ 3) | December 21, 2026 |
| Mediation (¶ 5) | September 9, 2026 |
| Completion of Discovery (¶ 6) | November 20, 2026 |
| Pretrial Disclosures & Objections (¶ 7) | March 10, 2027 (Objections due 14 days later) |
| Pretrial Materials (¶ 8) | March 25, 2027 |
| Exchange of Exhibits (¶ 9) | April 5, 2027 |
| Pretrial Conference (¶ 11) | To be set if necessary |

| | |
|---|---|
| Trial Date (¶ 1) | April 19, 2027 |

## B. Scheduling Instructions

Having considered the Parties' status report, Rule 16(b) of the Federal Rules of Civil Procedure, and this Court's local rules, the Court finds that the following schedule governs the disposition of this case:[1]

1. **Trial Date**: This case is set for trial on this Court's four-week docket beginning **April 19, 2027**. Counsel and the Parties must be ready for trial on **two days'** notice at any time during those four weeks.

2. **Joinder of Parties or Amendment of Pleadings**: By **August 3, 2026**, all motions requesting joinder of additional parties or amendments of pleadings must be filed.

3. **Dispositive Motions**: By **December 21, 2026**, all motions that dispose of all or any part of this case (*e.g.*, summary judgment) must be filed. Each motion, response, or reply must be formatted as follows: Times New Roman, 12-point font, double-spaced text, single-spaced and bolded headings, one-inch margins on all sides, justified, centered page numbers, and single-spaced footnotes. Citations should be in text (not in footnotes), include italicized case names (not underlined) and statutes in small caps, and otherwise comply with the most recent edition of *The Bluebook: A Uniform System of Citation*.

4. **Experts**

   a. **Initial Designation**: Unless otherwise stipulated or directed by court order, the party with the burden of proof on the issue

[1] Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and local rules of this Court must be observed. Also, please note that the Court has attempted to adhere to the schedule requested by the parties. In doing so, the Court assumes that the parties thoroughly discussed scheduling issues before submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.

subject to the expert designation must file a written designation of the name and address of each expert witness who will testify at trial for that party and must comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure by **August 21, 2026.**[2]

b. **Responsive Designation**: Each party without the burden of proof on the issue subject to expert designation must file a written designation of the name and address of each expert witness who will testify at trial for that party and must otherwise comply with Rule 26(a)(2) on or before **September 21, 2026**.

c. **Rebuttal Expert(s)**: If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party.

d. **Challenges**: The Parties are directed to file any objections, motions to strike, or motions to exclude expert testimony (including Daubert motions) anytime between **December 21, 2026**, and **March 15, 2027**. If a party seeks to file before **December 21, 2026**, they must seek leave of court.

5. **Mediation**: Per the Court's Civil Justice Expense and Delay Reduction Plan, the Court **REFERS** this case to mediation and **APPOINTS** Judge David Evans as the mediator. The mediator shall be the final arbiter in setting the date and time of the meditation. All mediations shall be conducted **in person** with attorneys and clients, or client representatives, present. A party opposing mediation referral or the appointed provider should file a written objection **within 10 days** of the date of this Order. The Parties shall mediate with Judge David Evans on or before **September 9, 2026.** Within **seven days** after the mediation, the Parties must jointly prepare and file a written report. This report

[2] Unless otherwise noted, all references to the Rules in this Order must refer to the Federal Rules of Civil Procedure.

must include the signatures of each party's counsel, the date on which the mediation was held, the persons present (including the capacity of any representative), and a statement on the effect of their mediation and whether the case has been settled by agreement of the Parties.

6. **Completion of Discovery**: By **November 20, 2026,** all discovery—including discovery of expert witnesses—must be completed. The Parties may agree to extend this discovery deadline for good cause and with the appropriate motion and Court's consent. *See* FED. R. CIV. PRO. 16(a)(4).

7. **Pretrial Disclosures and Objections**: Unless otherwise directed by court order, the Parties must make the disclosures required by Rule 26(a)(3)(A)-(B) by **March 10, 2027**. For the identification of witnesses who will be called by deposition, the Parties must also identify the portions of the deposition transcript they intend to use. (Modification of Rule 26(a)(3)(A)(ii)). Within **14 days thereafter**, a party must serve and file a list disclosing any objections, together with the grounds to (a) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), (b) the admissibility of materials identified under Rule 26(a)(3)(A)(iii), and (c) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i).[3] Objections not so disclosed are waived unless made under Rules 402 and 403 of the Federal Rules of Evidence or excused by the Court for good cause.

8. **Pretrial Materials**: By **March 25, 2027**, all pretrial materials must be filed unless otherwise noted below.[4] By this date:

   a. **Pretrial Order**: A joint pretrial order that covers each matter listed in Local Rule 16.4 and states the estimated

[3] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties object to deposition designations (Rule 26(a)(3)(A)(ii)) and exhibits (Rule 26(a)(3)(A)(iii)).

[4] Deadlines in this order over pretrial materials are dates for filing or delivery, not mailing dates.

length of trial must be submitted by Plaintiff's attorney. If an attorney for either party does not participate in preparing the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order. But failure to agree upon content or language is not an excuse for submitting separate pretrial orders. (Modification of Local Rule 16.4). After Court approval, the joint pretrial order will control all subsequent proceedings. If submitted on paper, the Parties must submit the original and one copy of the proposed pretrial order (styled as the "Pretrial Order") directly to the Court's chambers. Do not file it with the clerk. The Court will direct the clerk to file it after the Court signs it. The proposed pretrial order must be transmitted to pittman_orders@txnd.uscourts.gov by **March 26, 2027.**

**b. Witness List**: A list of witnesses must be filed by each party. The list must divide the witnesses into groups of "probable witnesses," "possible witnesses," "experts," and "record custodians" and include:

*i.* the name and address of each witness;

*ii.* a brief narrative summary of the testimony to be covered by each witness;

*iii.* whether the witness has been deposed; and

*iv.* the expected duration of direct or cross-examination of the witness.[5]

The witness list must include three columns. The first column must contain a brief statement of the subject matter covered by a particular witness. The second column will bear the

[5] Under Rule 16(c)(2)(O) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the time allowed for presenting evidence. *See* Commentary - 1993 Amendment to the Federal Rules of Civil Procedure (Courts should ordinarily impose time limits only after receiving appropriate submissions from the parties).

heading "Sworn." And the third column will bear the heading "Testified" so the Court can keep track of the witnesses at trial. And if any witness needs an interpreter, please note this on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial. (Modification of Local Rule 26.2(b)).

c. **Exhibit List and Deposition Testimony Designations**: A list of exhibits (including demonstrative exhibits) and designation of deposition portions to be offered at trial must be filed by each party. The list of exhibits must describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits must be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. (Modification of Local Rule 26.2(b), (c)). Do not use letter suffixes to identify exhibits (*e.g.*, designate them as 1, 2, 3, not as 1A, 1B, 1C). The exhibit list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

Each party's exhibit list must be accompanied by a written statement, signed by counsel for each party, and state that (1) the Parties agree to the admissibility of the exhibit or (2) the admissibility of the exhibit is objected to—identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit is responsible for coordinating activities related to preparing such a statement as to the exhibit the party proposes. This includes an obligation to make exhibits available for inspection before the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The Court may exclude any exhibit offered at trial unless such a

statement on the exhibit has been filed in a timely manner. Also, objections not identified in the statement may be waived.

A list of each party's exhibits to which no objection will be lodged (preadmitted) must be submitted at the pretrial conference.[6] The Court expects the parties to confer and agree to admit most of their exhibits before trial.

**d. Jury Charge**: Requested jury instructions and questions (annotated)[7] must be filed as set forth below. To minimize time after commencement of the trial in resolving differences in the language to be included in the Court's charge to the jury:

*i.* By **March 15, 2027**, counsel for Plaintiff(s) must deliver a copy of its proposed Court's charge to the jury to counsel for Defendant(s).

*ii.* By **March 17, 2027**, counsel for Defendant(s) must deliver to counsel for Plaintiff(s): (A) a statement, prepared with specificity, of any objection his client had to any part of the proposed charge that counsel for Plaintiff(s) has delivered under this paragraph; and (B) the text of all additional instructions or questions his client wishes to include in the Court's charge to the jury. Each objection and request must include citations of authorities supporting Defendant(s) objection or request.

*iii.* At 10:00 a.m. on **March 19, 2027**, the lead attorneys for the Parties must meet face-to-face at either (A) a mutually agreeable place or (B) at the office of counsel for Plaintiff in Ft. Worth, Texas or within 50 miles of the Ft. Worth Division of the Northern District of Texas to (1) discuss and attempt to resolve any differences between

---

[6] This does not change the sequential way each side should number its exhibits. In other words, a party should not separately number its exhibits into "objected to" and "unobjected to" categories.

[7] "Annotated" means that each proposed instruction must include citation to statutory or case authority or pattern instructions. It is not enough to submit a proposed instruction without citation to supporting authority.

the Parties as to the language to be included in the Court's charge to the jury and (2) identify areas of disagreement that cannot be resolved. Such a meeting must be held for enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting.

*iv.* By 2:00 p.m. on **March 22, 2027,** counsel for Plaintiff must file a document titled "Agreed Charge"—a single document containing, in a logical sequence, all language to be included in the charge, such as jury instructions and questions that the Parties do not disagree on and all language either party wishes to have in the charge in which there is disagreement. All language of the proposed charge in which there is disagreement must be: (A) in boldface; (B) preceded by an indication of the identity of the party requesting the language; and (C) followed by a list of authorities in favor of and in opposition to the proposed language. Objections may be waived if not stated in the Agreed Charge.

Plaintiff must also send the Agreed Charge in Microsoft Word Format to pittman_orders@txnd.uscourts.gov and include the case number and the document number of the referenced motion in the subject line (*e.g.,* 4-23-cv-001, ECF No. 100).

**e. Motions in Limine**: Motions in limine should not be filed as a matter of course. But if filed, counsel must file them with the Court and serve them on the opposing party by **March 22, 2027**. Responses must be filed with the Court and served on the opposing party by **April 5, 2027**. Replies to responses are not permitted except by leave of Court. The Parties may file motions in limine on no more than 10 discrete topics (no

subparts) in dispute.[8] Motions in limine that contain boilerplate requests, exceed 10 topics, or cover undisputed issues will be stricken.

f. **Voir Dire**: The Parties must file any proposed voir dire questions they seek the Court to ask during its examination of the jury panel by **March 29, 2027**.

g. **Trial Briefs**: Trial briefs are welcomed but not required unless ordered by the Court. The briefing should use Fifth Circuit, Supreme Court, and relevant state authority to address the issues the Parties anticipate will arise at trial.

9. **Exchange of Exhibits**: By **April 5, 2027**, counsel for each party intending to offer exhibits must exchange a complete set of marked exhibits (including demonstrative exhibits) with opposing counsel and deliver a set of marked exhibits to the Court's chambers (except for large or voluminous items that cannot be easily reproduced).

10. **Settlement Conference and Status Report**

a. **Settlement Conference**: By **April 5, 2027**, the Parties and their lead counsel must hold a face-to-face meeting to discuss settlement of the case. Individual parties and their counsel must participate in person, not by telephone or other remote means. Counsel and all other parties must participate in person by a representative or representatives with unlimited settlement authority. If a party has liability insurance coverage on any claim made against the opposing party, a representative of each insurance company providing such coverage and with full authority to offer policy limits in a settlement must be at the meeting in person, not by telephone or other remote means. At this meeting, the parties must comply with the requirements of Local Rule 16.3.

[8] Good-faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are actually in dispute.

b. **Joint Settlement Report**: Within seven days after the settlement conference, the parties must jointly prepare and file a written report. This report must include the signatures of each party's counsel, the date on which the meeting took place, the persons present (including the capacity of any representative), and a statement on the prospects of settlement and whether meaningful progress toward settlement was made and the prospects of settlement.

**11.** **Pretrial Conference**: A pretrial conference will be conducted in person if the Court determines such a conference is necessary. If the Court anticipates imposing time limits on the presentation of evidence significantly reducing the Parties' estimated trial length, the Court will schedule a pretrial conference and advise the Parties of such deadlines so that counsel will have reasonable notice of such limits. Lead counsel for each party must attend, or if the party is proceeding pro se, the party must attend. FED. R. CIV. P. 16 (c)(1) & (e). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* At that time, all pretrial motions and procedures not previously decided will be resolved at that time. Procedures for trial will also be discussed. At the final pretrial conference, it should be possible to assign a specific date for trial during the four-week docket. Telephone calls about the probable trial date before the conference will not likely benefit counsel or the Court staff.

**12.** **Modification of Scheduling Order**: As addressed above, this Order controls the disposition of this case unless the Court modifies it upon a showing of good cause and with leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed. The Court also does not grant motions to modify the scheduling order as a matter of course. Any request to modify the trial date must be made (a) in writing to

the Court, (b) before the deadline for completion of discovery, and (c) in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1 (motions for continuance must be signed by the party and by the attorney of record).

13. **Sanctions**: If any party or counsel fail to cooperate in doing anything this Order requires, such party, counsel, or both may be subject to sanctions. No pending dispositive motion or request for affirmative relief (unless otherwise ordered by the Court or permitted by applicable law) relieves a party or counsel of their obligation to comply with the deadlines and instructions required by this Order. If Plaintiff does not timely file the required (or other) pretrial material, the case will be dismissed. If Defendant/third party does not timely file the required (or other) pretrial material, a default will be entered or Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions may also be imposed under Rule 16(f) if appropriate. Failure to list a witness, exhibit, or deposition excerpt as required by this Order is grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment. And the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal is permitted if the attorneys cannot reasonably anticipate their need for that evidence.

14. **Electronic Filing Procedures**: This case has been designated for enrollment in the Electronic Case Filing System (CM/ECF). *See* http://www.txnd.uscourts.gov/filing/ecf.html for more information on the ECF system. Now that the case is designated an ECF case, all documents must be filed electronically.[9] Proposed orders are required to be submitted with EVERY motion. (Modification to Local Rule 7.1(c)). Proposed orders must be submitted via email in Microsoft

[9] The undersigned no longer requires courtesy copies of dispositive motions (and accompanying briefs and appendixes) be sent to Chambers.

Word format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be emailed to pittman_orders@txnd.uscourts.gov and include the case number and the document number of the referenced motion in the subject line (*e.g.,* 4-23-cv-001, ECF No. 100).

**15.** **Citations**: All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Particularly, counsel is directed to provide the subsections of cited statutes and pinpoint citations of cases (i.e., provide the page where the stated legal proposition can be found). *See Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds, 20th ed. 2015).

**16.** **Notice**: Each attorney of record and any unrepresented party must review and adhere to the Local Civil Rules of the Northern District of Texas. These Rules can be accessed at http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html. Each attorney of record and any unrepresented party must also review and abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

**17.** **Inquiries**: Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. Questions about electronic notice or case files must be directed to the Help Desk at 1-866-243-2866. If electronic equipment is needed in the courtroom, notify Elec Winner at 817-850-6623.

**SO ORDERED** on this **9th day of June 2026.**

Mark T. Pittman

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE